UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HEAD,

    Plaintiff,

v.                                            Case No. 05-72650

FARM BUREAU GENERAL           Honorable Patrick J. Duggan
INSURANCE COMPANY OF
MICHIGAN,

    Defendant.
_____/

## OPINION AND ORDER
## DENYING DEFENDANT FARM BUREAU GENERAL INSURANCE COMPANY'S MOTION FOR LEAVE TO APPEAL

        At a session of said Court, held in the U.S.
          District Courthouse, Eastern District
          of Michigan, on September 6, 2005.

    PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

    Eugene Head ("Debtor" or "Plaintiff") filed a petition for relief under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). During bankruptcy proceedings a dispute arose between the Debtor and Defendant Farm Bureau General Insurance Company of Michigan ("Farm Bureau") as to whether the Debtor was entitled to insurance benefits on a property, insured by Farm Bureau, which was damaged in a fire. Defendant Farm Bureau moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure contending that because the Debtor had included

false statements in his Sworn Proof of Loss, the policy was void and therefore, the Debtor had no claim to insurance benefits. On June 23, 2005, the Bankruptcy Court denied Defendant Farm Bureau's motion for summary judgment. On July 5, 2005, Farm Bureau filed a Notice of Appeal from Bankruptcy Court and an interlocutory Motion for Leave to Appeal the Bankruptcy Court's June 23, 2005 Opinion and Order. For the reasons set forth below, Defendant Farm Bureau's Motion for Leave to Appeal shall be denied.

**I.   Background**

Defendant Farm Bureau does not dispute the statement of facts contained in the Bankruptcy Court's Opinion, which sets forth the following facts:

> Eugene Head ("Debtor") is the Debtor in this Chapter 11 case. At the time the Debtor filed his petition for relief under Chapter 11, he owned a number of rental properties. One of those rental properties was a home located at 20246 Danbury, Detroit, Michigan ("Danbury Property"). On March 27, 2000, the Debtor granted a mortgage on the Danbury Property to Mortgage Electronic Registration Systems, Inc. ("MERS") to secure a mortgage loan of $35,000. On February 26, 2003, a foreclosure sale was held with respect to the mortgage and MERS was the successful bidder. On March 5, 2003, the sheriff executed a deed on the mortgage sale to MERS [Exhibit B, Sheriff's Deed, 3/5/03.] The sheriff's deed provides that the applicable "redemption period shall be six months from the date of such sale." The redemption period from the foreclosure sale extended until August 26, 2003.
>
> Farm Bureau issued a "dwelling package" insurance policy ("Policy") for the Danbury Property. [Exhibit C, Policy No. DP-2092392-11.] Although the date of the original Policy is not clear, there was a "renewal" of the Policy issued on February 5, 2003 with an "effective date" of March 22, 2003 and a "policy period" of March 22, 2004. The Policy limit for the Danbury Property was $70,000.
>
> On August 15, 2003, a fire occurred at the Danbury Property. According to the Debtor's affidavit filed on March 31, 2005, the Debtor obtained the assistance of Jesse J. Lamb, Jr., a public adjuster, to assist in the preparation of a claim for insurance benefits because of the fire loss. On August 27, 2003, the Debtor submitted a Sworn Statement in Proof of Loss ("Proof of Loss"). [Exhibit D,

2

Debtor's Sworn Statement in Proof of Loss.] The Proof of Loss stated that the fire occurred on August 15, 2003 and, at the time the fire occurred, the Debtor was the "owner" of the Danbury Property and no other persons or entities were disclosed as having an interest in the Danbury Property at that time. The Proof of Loss claimed a loss of $69,128.87. Farm Bureau did not pay the debtor's claim of loss. The Debtor filed a complaint in this adversary proceeding against Farm Bureau on February 11, 2004, seeking a judgment for the insurance proceeds for the fire loss.

Farm Bureau files a motion for summary judgment, requesting the Court to declare the Policy void and deny the Debtor's claim. Farm Bureau relies upon the following clause in the Policy:

> **3. Concealment or Fraud**
>
> The entire policy will be void if, whether before or after a loss, one or more persons insured under this policy have:
>
> a. Intentionally concealed or misrepresented any material fact or circumstance;
>
> b. engaged in fraudulent conduct; or
>
> c. made false statements;
>
> relating to this insurance or to a loss to which this insurance applies. [Exhibit E, Policy Excerpt, Special Provisions Endorsement, p 1 of 3.]

Farm Bureau argues that the Proof of Loss submitted by the Debtor violated this clause and, therefore, the Policy is void. According to Farm Bureau, the Policy is void pursuant to clauses 3(a), (b) and/or (c) of the Policy because of three separate statements contained in the Proof of Loss. First, Farm Bureau points to paragraph 3 of the Proof of Loss which is entitled "TITLE & INTEREST." That paragraph reads as follows:

> AT THE TIME OF LOSS THE INTEREST OF YOUR INSURED IN THE PROPERTY DESCRIBED THEREIN WAS <u>OWNER</u> NO OTHER PERSON OR ENTITY HAD AN INTEREST THEREIN OR INSUMBRANCE [SIC] THEREON EXCEPT: _____.

[Exhibit D.] Next, Farm Bureau points to paragraph 4 of the Proof of Loss entitled "Changes." That paragraph reads as follows:

3

> SINCE THE ABOVE POLICY WAS ISSUED THERE HAS BEEN NO CHANGER [SIC] IN TITLE, USE OR POSSESSION OF SAID PROPERTY EXCEPT: NONE.
>
> Farm Bureau argues that: (i) at the time of the fire loss on August 15, 2003, the Debtor was not the owner of the Danbury Property ; (ii) another entity did have an interest in the Danbury property at that time; and (iii) since the date the Policy was issued, there had been a change in the title of the Danbury Property because of the foreclosure sale and the execution of the sheriff's deed.  Farm Bureau argues that each of these three statements contained in these two paragraphs of the Proof of Loss, signed and sworn to by the Debtor, render the Policy void under clauses 3(a), (b), or (c) of the Policy.  The Debtor contends that these three statements contained in paragraphs 3 and 4 of the Proof of Loss were not false. But even if they were not completely accurate, the Debtor argues that he did not make those statements with any intent to mislead or defraud Farm Bureau and, therefore, they do not render the Policy void under any of clauses 3(a), (b) or (c).
>
> Farm Bureau filed a brief in support of its motion for summary judgment supported by an affidavit of William Butler, an employee of G-M Adjusting Company, which was the adjuster engaged by Farm Bureau with respect to the Debtor's claim.  The Debtor filed a brief in opposition to the motion for summary judgment supported by an affidavit of the Debtor.  Further, on the date of the hearing on June 3, 2005, the Debtor filed a second affidavit of the Debtor. Although Farm Bureau's motion for summary judgment requested relief only with respect to the complaint filed against it by the Debtor, MERS also filed a response to the motion for summary judgment requesting that the motion be denied.  That response also indicated that it was filed on behalf of Countrywide Home Loans, Inc. and Newport Insurance Company, each of whom are also defendants in this adversary proceeding. [Exhibit A, pp 2-4].

(Mot. Ex. A, Opinion Denying Defendant Farm Bureau Insurance Company's Motion for Summary Judgment at 2-4).

In an Opinion and Order dated June 23, 2005, The Bankruptcy Court found: (1) the Debtor was the owner of the Danbury Property when he signed the Proof of Loss because he still had the right to redeem the Danbury Property at the time of the August 15, 2003 fire loss,  (Ex. A at 6); (2) there had been no change in title, use, or possession of the Danbury

4

Property when the Debtor signed the Proof of Loss because of the right to redeem, and therefore, two of the three alleged false statements in the Proof of Loss were accurate (*id.* at 8); and (3) the Debtor's statement in the Proof of Loss that no other party had an interest in the Danbury Property was "untrue" (*id.*). The Bankruptcy Court concluded that the Debtor's affidavit that he did not intend to misinform or mislead Farm Bureau in claiming that no other party had an interest in the Danbury Property was a question of fact which precluded summary judgment under sections 3(a) and (b) of the Policy. (*Id.* at 9).

As to section 3(c), the Bankruptcy Court found that Michigan case law does not allow an insurer to void a policy for a "false statement" without a showing of fraudulent intent. (*Id.* at 10-14). Thus, the Bankruptcy Court found that section 3(c) must be read with an implied intent requirement. Because the Bankruptcy Court had already found that a question of fact existed regarding the Debtor's intent, the Bankruptcy Court concluded that Farm Bureau was not entitled to summary judgment under section 3(c) of the Policy. (*Id.* at 14).

On July 5, 2005, Farm Bureau filed an interlocutory Motion for Leave to Appeal pursuant to F.R. BANKR. P. 8003 in this Court. On July 15, 2005, Defendant Mortgage Electronic Registration Systems (MERS) and Intervening Defendant Newport Insurance Company (Newport) filed a response in opposition to Defendant Farm Bureau's Motion for Leave to Appeal. On July 15, 2005, the Debtor filed a Joint Answer and Objection to Defendant Farm Bureau's Motion for Leave to Appeal.

**II.   Discussion**

The first issue this Court must resolve is whether Farm Bureau's Motion for Leave to Appeal has satisfied the elements for granting interlocutory appeal. This Court's

jurisdiction over Farm Bureau's Motion for Leave to Appeal arises under 28 U.S.C. § 158, which provides in pertinent part:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
>
> (1) from final judgments, orders, and decrees;
>
> * * *
>
> (3) with leave of the court, from other interlocutory orders and decrees; . . .

28 U.S.C. § 158.

In bankruptcy cases, the finality requirement of § 158(a)(1) is considered "in a more pragmatic and less technical way than in other situations." *In re Cottrell*, 876 F.2d 540, 541-42 (6th Cir. 1989). Where an order in a bankruptcy case finally disposes of discrete disputes within the larger case, it may be appealed immediately. *In re Dow Corning*, 86 F.3d 482, 488 (6th Cir. 1996). "A 'final' decision generally 'ends the litigation on its merits and leaves nothing for the court to do but execute the judgment.'" *In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (quoting *Catlin v. United States*, 324 U.S.229, 233, 65 S. Ct. 631, 633 (1945). Clearly, the Bankruptcy Court's June 23, 2005 Opinion and Order, denying Farm Bureau's motion for summary judgment, is not a final judgment, order, or decree under 28 U.S.C. § 158(a)(1).

Review of final orders is mandatory, while review of interlocutory orders is left to the federal district court's discretion. *In re American Freight Sys., Inc.*, 153 B.R. 316 (D. Kan. 1993). Thus, the Court must decide whether to exercise discretion to hear an appeal under § 185(a)(3). In deciding whether to exercise discretion to hear an appeal under §

6

158(a)(3), courts generally use the same standards that govern a district court's discretion to hear an interlocutory appeal under 28 U.S.C. § 1292(b). *In re PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989). Under this standard, Farm Bureau must establish the following elements:

> (1) The question involved must be one of "law";
>
> (2) It must be controlling;
>
> (3) There must be substantial ground for "difference of opinion" about it; and
>
> (4) An immediate appeal must materially advance the ultimate termination of the litigation.

*Id.* at 767-68.

Applying these elements to the matter at hand, the Court does not believe that Farm Bureau has met its burden.

First, Plaintiff and Defendants MERS and Newport contend that the question involved is one of fact, not law. While they are correct in arguing that the Bankruptcy Court found that factual issues precluded summary judgment, the ultimate question involved in Farm Bureau's Motion for Leave to Appeal is one of law. The Bankruptcy Court determined, based on a review of Michigan law, that "[e]ven though the phrase 'false statement' used in clause 3(c) is different than the language used in clauses 3(a) or 3(b), and does not expressly refer to an insured's intent, it appears to the Court that Michigan law still requires a finding of intent in order to void the Policy." (Mot. Ex. A at 12). Moreover, the Bankruptcy Court held that "clause 3(c) of the policy, like clauses 3(a) and 3(b), require a showing of intent to misrepresent, mislead, or defraud on the part

of the Debtor before the Policy can be voided, even though the Court finds that the Debtor's statement that no other entities held an interest in the Danbury Property was not a true statement." (*Id.* at 13-14). Based on this finding of *law*, the Bankruptcy Court went on to conclude that there was a genuine issue of fact regarding the Debtor's intent in making the untrue statement. Therefore, Farm Bureau has satisfied the first element.

Second, Plaintiff and Defendants MERS and Newport argue that the legal issue is not "controlling." According to the Sixth Circuit, "[a] legal issue is controlling if it could materially affect the outcome of the case," but "generally does not include matters within the discretion of the trial court." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2000). In this case, the Court believes that the issue of whether or not paragraph 3(c) of the Policy requires a finding of intent would materially affect the outcome of the case. For example, if the Bankruptcy Court had adopted Farm Bureau's strict reading of the Policy without the intent requirement, any "false statement" would void the Policy. Consequently, the Court believes that Farm Bureau has satisfied the second element.

Third, Plaintiff and Defendants MERS and Newport contend that there is not substantial ground for a difference of opinion as to whether the Policy should be read to require a finding of intent to void the Policy. The Court agrees. In its Opinion, the Bankruptcy Court noted that it is "the consistent position of Michigan courts in interpreting false swearing provisions in insurance contracts, dating back to at least 1884," to require a finding of intent. (Mot. Ex. A at 11). After reviewing the cases cited in the Bankruptcy Court's Opinion, this Court agrees that Michigan generally requires a finding of intent before an insurance policy will be voided based on an insured's false

8

statements.[1] *See, e.g.*, *West v. Farm Bureau Mutual Ins. Co.*, 402 Mich. 67, 68, 259 N.W.2d 556, 557 (1997) (holding that "where an insurance policy provides that an insured's concealment, misrepresentation fraud or false swearing voids the policy, the insured must have actually intended to defraud the insurer."). Thus, Farm Bureau has failed to meet the third requirement.

Fourth, the Court does not believe that Farm Bureau has shown how the immediate appeal will materially advance the ultimate termination of the litigation. This adversary proceeding was filed in the Bankruptcy Court on February 11, 2004. Farm Bureau did not file its motion for summary judgment until March 16, 2005. The Bankruptcy Court had scheduled a final pre-trial conference for July 18, 2005, with the trial scheduled for July 27, 2005. If the adversary proceeding had continued, as scheduled, trial would have been completed and Farm Bureau (or Plaintiff) would have had a final judgment to appeal. In this Court's opinion, granting an interlocutory appeal would result in further unnecessary delay and materially delay the ultimate termination of the litigation. As a result, the Court does not believe that Farm Bureau has met the fourth requirement.

Finally, the Supreme Court has noted that a district court should only exercise its discretion to hear an interlocutory appeal where the appellant has established that exceptional circumstances justify a departure from the basic policy of postponing the

---

[1] Although Farm Bureau cited to *Interstate Insurance v. Musgrove*, No. 00-5181 (6th Cir. Apr. 3, 2001) (applying Kentucky law to find that the policy language that the policy will be void if the insured has "made false statements" does not require a finding of intent), in support of its contention that Michigan does not require a finding of intent, the Court does not believe that one case–especially where the Sixth Circuit applied Kentucky law rather than Michigan law–satisfies the requirement that there be "substantial grounds" for a difference of opinion.

9

review until the entry of a final judgment.  *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475, 98 S. Ct. 2454, 2461 (1978).   In this case, Farm Bureau has failed to establish any exceptional circumstances justifying an interlocutory appeal and failed to establish two of the four required elements for interlocutory appeal.  Therefore, the Court shall deny Farm Bureau's Motion for Leave to Appeal.  *See, e.g.*, *In re PHM Credit Corp.*, 99 B.R. at 767-68 (denying interlocutory appeal where the appellant failed to meet two of the four requirements).

Accordingly,

**IT IS ORDERED** that Defendant State Farm Bureau General Insurance Company's Motion for Leave to Appeal is **DENIED**.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Kurt Thornbladh, Esq.
Steve Tomkowiak, Esq.
Jason W. Johnson, Esq.